**WO** KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV 12-077-PHX-GMS (ECV) |
| Plaintiff, | No. CR 08-1523-PHX-GMS |
| v. | **ORDER** |
| Webster W. Norris, | |
| Defendant/Movant. | |

On January 12, 2012, Movant Webster W. Norris, who is confined in the Federal Correctional Institution-Herlong in Herlong, California, filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. In a February 27, 2012 Order, the Court dismissed the Motion with leave to amend. On March 23, 2012, Movant filed an Amended Motion. The Court will call for an answer to the Amended § 2255 Motion.

**I.    Procedural History**

Movant was convicted by a jury of Second Degree Murder in violation of 18 U.S.C. §§ 1153 and 1111, and Assault Resulting in Serious Bodily Injury, in violation of 18 U.S.C. §§ 113(a)(6) and 1153. On November 5, 2009, the Court sentenced Movant to a 324-month term of imprisonment followed by 5 years on supervised release. On November 6, 2009, Movant filed a Notice of Appeal to the Ninth Circuit Court of Appeals. On April 14, 2011, the Ninth Circuit affirmed Movant's conviction.

. . .

**TERMPSREF**

**II.    Amended § 2255 Motion**

In his Amended § 2255 Motion, Movant raises eleven grounds for relief. In Ground One, Movant argues that his conviction violated his Fourteenth Amendment rights because the Court lacked jurisdiction to try him for acts committed in the Gila River Indian Community.

In Grounds Two through Five, Movant claims that his trial counsel was ineffective in violation of the Fifth, Sixth, and Fourteenth Amendments.

In Ground Six, Movant contends his Fifth, Sixth, and Fourteenth Amendment rights to an impartial jury were violated.

In Grounds Seven, Eight, and Nine, Movant claims that prosecutorial misconduct resulted in a violation of his Fifth and Fourteenth Amendment due process rights.

In Ground Ten, Movant alleges that he was subjected to an unreasonable search and seizure during his unlawful arrest, in violation of the Fourth, Fifth, Sixth, and Fourteenth Amendments.

Finally, in Ground Eleven, Movant claims that his Fourth, Fifth, and Fourteenth Amendment rights were violated when Officer Steve Gonos of the Gila River Police Department made false statements during Movant's grand jury proceedings.

The Court will require a response to the Amended § 2255 Motion.

**III.   Motions**

On March 3, 2012, Movant filed a Motion to Recuse (Doc. 7). On March 12, 2012, Movant filed a Motion to Appoint "Conflict Free" Counsel (Doc. 8).

In his Motion to Recuse, Movant asks for the recusal of Magistrate Judge Voss from this action. A motion to recuse a judge, whether it is based on 28 U.S.C. § 455(a), 28 U.S.C. §455(b)(1) or 28 U.S.C. § 144, must demonstrate that any alleged bias or impartiality stems from extrajudicial conduct, *i.e.*, a litigant may not seek recusal based on a prior adverse ruling in the case. See <u>Hasbrouck v. Texaco, Inc.</u>, 830 F.2d 1513 (9th Cir. 1987) (citing <u>In re Beverly Hills Bancorp</u>, 752 F.2d 1334, 1341 (9th Cir. 1984)) (28 U.S.C. § 455(a) and

(b)(1)); United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) (same); United States v. Grinnell Corp., 384 U.S. 563, 583 (1966) (28 U.S.C. § 144).

Movant states that he "believes the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceedings." However, Movant offers no factual allegations to support this claim. The Court will deny the Motion to Recuse.

With respect to Movant's Motion to Appoint counsel, counsel must be appointed when necessary for effective discovery and when an evidentiary hearing is required. Rules Governing § 2255 Proceedings for the United States District Courts 6(a) and 8(c). At this early juncture, neither are required. Appointment is also required when the complexities of the case are such that lack of counsel would equate with the denial of due process. Brown v. United States, 623 F.2d 54, 61 (9th Cir. 1980). There is presently no indication that lack of counsel would result in the denial of due process.

Otherwise, the court must determine whether the "interests of justice" require the appointment of counsel. Terrovona v. Kincheloe, 912 F.2d 1176, 1181 (9th Cir. 1990) (quoting 18 U.S.C. § 3006A(a)(2)(B)). This determination is guided by an assessment of the likelihood of success on the merits and movant's ability to articulate his claims in light of the complexity of the legal issues. Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Movant has not made the necessary showing for appointment of counsel at this time, and, therefore, the Court will deny without prejudice his Motion to Appoint "Conflict Free" Counsel. If, at a later date, the Court determines that discovery or an evidentiary hearing is required, counsel will be appointed in accordance with Rule 6(a) or Rule 8(c) of the Rules Governing Section 2255 Proceedings.

**IV.  Warnings**

  **A.  Address Changes**

Movant must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Movant must not include a motion for other

relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B.     Copies

Movant must serve Respondent, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Movant must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Movant.

### C.     Possible Dismissal

If Movant fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Movant's March 2, 2012 Motion to Recuse (Doc. 7) is **denied**.

(2)     Movant's March 12, 2012 Motion to Appoint Counsel (Doc. 8) is **denied**.

(3)     The Clerk of Court must serve a copy of the Amended § 2255 Motion (Doc. 9 in CV-12-077-PHX-GMS (ECV)) and this Order on the United States Attorney for the District of Arizona.

(4)     The parties and the Clerk of Court **must file** all documents related to the § 2255 Motion in the **civil case**.

(5)     The United States Attorney for the District of Arizona has **60 days** from the date of service within which to answer the Amended § 2255 Motion. The United States Attorney may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. Day v. McDonough, 547 U.S. 198, 209-11 (2006). If not

1  limited to affirmative defenses, the answer must fully comply with all of the requirements
2  of Rule 5 of the Rules Governing Section 2255 Cases.
3      (6)    Movant may file a reply within **30 days** from the date of service of the answer
4  to the § 2255 Motion.
5      (7)    The matter is referred to Magistrate Judge Edward C. Voss pursuant to Rules
6  72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and
7  recommendation.
8      DATED this 13th day of April, 2012.

                      *G. Murray Snow*
                      G. Murray Snow
                      United States District Judge