IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No.    CR 08-1523-PHX-GMS |
| | ) | CV 12-0077-PHX-GMS (DKD) |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Webster W. Norris III, | ) | |
| | ) | |
| Defendant/Movant. | ) | |
| | ) | |
| _____ | ) | |

TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:

Webster W. Norris filed a timely Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. Norris was convicted following a jury trial of second-degree murder and assault resulting in serious bodily injury, and sentenced to concurrent terms, the longest being 324 months. On the day of the offenses, Norris and a female passenger were drinking and driving around. Several witnesses testified to his erratic driving, which included tailgating, and speeds of 70-80 miles per hour. At some point he struck a bicyclist who was on the side of the road, killing him. Norris and the passenger fled from the scene. Norris' car was found a short distance from where the cyclist was killed.

Norris raises eleven grounds for relief, alleging a violation of specific constitutional rights. In Ground One, Norris argues that the Court lacked jurisdiction to try him for acts committed in the Gila River Indian Community. In Grounds Two through Five, Norris claims that trial counsel was ineffective. In Ground Six, Norris contends that he was denied the right to an impartial jury. In Grounds Seven, Eight, and Nine, Norris claims the

1   prosecutor committed misconduct.  In Ground Ten, he alleges that he was subjected to an
2   unreasonable search and seizure during his unlawful arrest.  In Ground Eleven, he argues that
3   a Gila River police officer made false statements during the grand jury proceedings.  The
4   government contends that eight of the eleven claims could have been raised on appeal, and
5   are therefore procedurally defaulted, and that the remaining three claims are without merit.
6   The Court agrees and recommends that the motion be denied.

7        In a § 2255 motion, a defendant may not raise a claim that has already been resolved
8   on appeal.  *Egger v. United States*, 509 F.2d 745, 748 (9th Cir. 1975).  In addition, if the claim
9   could have been raised on appeal, it is procedurally defaulted and cannot be presented in a
10  § 2255 motion unless the defendant shows (1) cause for the failure to raise it on direct appeal
11  and actual prejudice from that failure or (2) that he is actually innocent.  *United States v.*
12  *Braswell*, 501 F.3d 1147, 1149 (9th Cir. 2007).  To demonstrate cause, a defendant must show
13  "some objective factor external to the defense" that impeded a defendant from properly
14  raising the claim in the lower court.  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  A
15  defendant suffers actual prejudice if an alleged error "worked to his actual and substantial
16  disadvantage, infecting his entire trial with error of constitutional dimensions." *United States*
17  *v. Frady*, 456 U.S. 152, 170 (1982).  A defendant is actually innocent for procedural default
18  purposes if the alleged constitutional violation he seeks to raise "has probably resulted in the
19  conviction of one who is actually innocent."  *Carrier*, 477 U.S. at 496.

20       In Grounds One, Six, Seven, Eight, Nine, Ten, Eleven, and part of Ground Two,
21  Norris raises claims for the first time that could have been raised on appeal.  These claims
22  are procedurally defaulted unless Norris can show cause and prejudice to excuse the default,
23  or that he is actually innocent.  *Braswell*, 501 F.3d at 1149.  Norris contends that he could
24  not raise these claims on appeal because he was represented by counsel, and "only counsel
25  can submit filings," and because he could not raise an ineffective assistance claim on appeal.
26  Because the Court concludes that these claims are without merit, Norris cannot argue
27  ineffective assistance of appellate counsel as cause to excuse the default for counsel's failure

28

1  to raise these claims.  Finally, in light of the overwhelming evidence of his guilt, Norris
2  cannot establish actual innocence.

3      In Ground One, Norris argues that the district court lacked jurisdiction to try him for
4  acts committed in the Gila River Community.  Norris was charged under the Major Crimes
5  Act, 18 U.S.C. § 1153, which confers federal court jurisdiction over an Indian who commits
6  certain crimes, including murder and assault resulting in serious bodily injury, in Indian
7  country.  18 U.S.C. § 1153, 1111, 113(a)(6).

8      In a subpart of Ground Two, Norris contends that the superceding indictment charging
9  him with second-degree murder, which occurred after he rejected an offer by the Government
10 to plead to involuntary manslaughter, constitutes vindictive prosecution.  He argues that the
11 Government punished him for exercising his legal rights.  Prosecutorial threats during plea
12 negotiations to bring increased charges if a defendant does not plead guilty, and the intent
13 to make good on that threat, are a part of the plea negotiations and do not violate due process.
14 *United States v. Gastelum-Almeida*, 298 F.3d 1167, 1172 (9th Cir. 2002).

15     In a subpart of Ground Two, and in Grounds Three, Four and Five, Norris contends
16 that counsel was ineffective.  To establish a claim of ineffective assistance of counsel, Norris
17 must prove that (1) counsel's performance fell below an objective standard of
18 reasonableness, and (2) the deficiency in performance prejudiced him.  *Strickland v.*
19 *Washington*, 466 U.S. 668, 688, 692 (1984).  There is a strong presumption that counsel's
20 "conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689.  In
21 evaluating the prejudice component, the Court must conclude there was a reasonable
22 probability that but for counsel's conduct, the outcome of the proceedings would have been
23 different.  *Id*. at 694.  Norris has established neither deficient performance nor any resulting
24 prejudice.

25     In Ground Two, Norris alleges that he refused to sign the offered plea agreement
26 because it "stipulated murder."  A review of the proposed agreement indicates that had he
27 signed it, Norris would be stipulating to a guilty plea to involuntary manslaughter.  At a later

28                                      - 3 -

hearing, he sought to have his attorney dismissed, then arguing that he refused to sign the agreement because it labeled him a female. The district court allowed the withdrawal of counsel, and appointed new counsel. Norris has not demonstrated ineffective assistance. Counsel properly advised Norris to consider the plea to involuntary manslaughter because the government was considering a superceding indictment for second-degree murder, which could expose him to a sentence of more than 20 years, instead of a possible maximum term of eight years under the plea agreement.

In Ground Three, Norris claims that he received ineffective assistance when his second trial counsel listed a witness for trial using an incorrect address, and unsuccessfully attempted to locate him. Counsel then sought to have admitted the unavailable witness's description of the driver of the car given to investigating officers, but the district court denied his request, concluding that it did not fall within any hearsay exception. Norris has not established deficient performance. He does not allege that an incorrect address precluded them from locating the witness. In addition, both the police and the defense were attempting to locate the witness, without success. Finally, the evidence was overwhelming that Norris was the driver of the car that killed the victim, and Norris cannot show that but for the witness's description, the outcome would have been different.

In Ground Four, Norris argues that second trial counsel was ineffective when, following the convictions and before sentencing, counsel filed a motion to determine counsel, stating that Norris had not cooperated with a pre-sentence interview and was refusing visitation based on a possible conflict of interest with counsel. Norris argues that counsel "failed to consider his interest" because there were some strategic issues that they probably had disagreements about regarding the trial. During the *ex parte* hearing, counsel stated that he thought there may be issues with Norris' feeling toward counsel that may be influencing his behavior, and that Norris had filed a complaint against counsel with the State Bar of Arizona. When questioned by the district court, Norris said he had no issues with counsel, and that he refused to participate in the interview because the probation officer told him they

- 4 -

could not require him to do it.  He explained to the district court that he filed the Bar complaint because there were other issues that counsel did not address with regard to discovery and a *Miranda* issue.  When questioned by the court, Norris stated that he wanted counsel to continue to represent him, and that he would communicate with him, and allow him to visit.  Norris has not demonstrated any deficient performance by counsel, or any resulting prejudice.

In Ground Five, Norris maintains that he received ineffective assistance of counsel when counsel prejudiced the jury in his closing argument.  Counsel told the jury that they needed to decide who was driving the car, because Norris did not remember, and the other passenger in the car was unreliable.  He further argued that if the jury determined that Norris was the driver, that they could still conclude that he did not act recklessly with extreme disregard for life because of the "culture" of the people living in that town to go "cruising and boozing."  Rather than prejudicing him, counsel was attempting to show that because of such a culture, Norris' actions did not rise to the level of extreme indifference.

In Ground Six, Norris contends that his right to an impartial jury was violated because he was tried before an all white jury with one African-American female alternate juror.  Norris has not shown any facts or circumstances that raise an inference of racial discrimination.  *See Batson v. Kentucky*, 476 U.S. 79, 98 (1986).

In Grounds Seven and Eight, Norris argues that the prosecutor committed misconduct in her motion to admit other-act evidence when she stated that:  (1) Norris had signed a written waiver of his Miranda rights; (2) he was not handcuffed or under arrest during the interview; and (3) the transcript of Norris' interview did not certify that it constituted a full, true, and accurate transcript.  Norris claims that he never signed a written waiver, and that the prosecutor knowingly filed misleading and inaccurate information to mislead the jury and obtain a favorable outcome.  The other-act evidence the prosecutor moved to admit was Norris' lengthy history of drunk driving, intended to prove malice, and Norris' knowledge of the dangers of drunk driving.

- 5 -

At trial, the prosecutor admitted into evidence a DVD recording of Norris' interview and a transcript of the interview. The interviewing officer testified that he had compared the transcript with the DVD, and the transcript was an accurate reflection of the DVD, and the DVD was then played for the jury. The trial court also instructed the jury that if there was any discrepancy between the DVD and the transcript, that the DVD controlled. The interviewing officer told Norris he was not under arrest, and Norris said he understood that. He was also not handcuffed. Norris was read his Miranda rights, and stated *orally* that he understood his rights and agreed to answer questions. The prosecutor's misstatement about a written waiver had no impact on the trial court's decision to grant the motion to admit other-act evidence, and the pretrial motion had no impact on the jury's decision. Norris has not demonstrated that the prosecutor's conduct, viewed in the context of the entire trial, "appears likely to have affected the jury's discharge of its duties to judge the evidence fairly." *United States v. Simtob*, 901 F.2d 799, 806 (9th Cir. 1990).

In Ground Nine, Norris contends that the prosecutor committed misconduct in the motion to admit other-act evidence when she stated that the facts show on the date in question Norris "was driving his vehicle in a severely intoxicated state and hit a bicyclist on the roadway." Norris claims this constitute "improper venue" because the circumstances fall within the jurisdiction of the tribe, and also that it is contradicted by a witness statement describing the suspect driver as other than Norris. The Court has already concluded that the district court had jurisdiction over Norris and his offenses. In addition, the witness' statement was not admitted into evidence, and his description had nothing to do with the pretrial motion.

In Ground Ten, Norris contends that the arresting officer lacked probable cause to arrest him, and that he violated his right to be free from unreasonable search and seizure when the officer seized his clothing for investigative purposes. He also claims he was unlawfully detained in the Gila River Department of Corrections, was not taken before the Community Court as required, and was not given adequate notice to appear in court. Given

- 6 -

1   the witnesses' statements, and the evidence at the scene, the officer had sufficient probable

2   cause to arrest Norris.  He was also justified in seizing his clothes based on Norris'

3   statements that he had been wearing the same clothes for the last two days.  His claim of

4   unlawful detention is not cognizable under § 2255, and the district court had jurisdiction over

5   Norris and his offenses under the Major Crimes Act.

6          In Ground Eleven, Norris contends that the arresting officer testified inaccurately with

7   misleading statements before the grand jury, resulting in a vindictive prosecution.  Norris

8   further argues that the officer did this by using the accident report, a confidential document

9   not admissible in any trial, before the grand jury.  Because the district court had jurisdiction

10  over Norris and his offenses, the Federal Rules of Criminal Procedure applied and allowed

11  the use of the accident report before the grand jury.

12         Finally, with regard to the procedurally defaulted claims in Grounds One, Two, Six,

13  Seven, Eight, Nine, Ten and Eleven, because the Court has concluded that the claims are

14  without merit, appellate counsel was not ineffective for failing to raise the arguments on

15  appeal, and Norris cannot allege this as cause to excuse the default.  *Wildman v. Johnson*,

16  261 F.3d 832, 840 (9th Cir. 2001).

17         **IT IS THEREFORE RECOMMENDED** that Webster Norris III's Motion to

18  Vacate, Set Aside or Correct Sentence be **denied** (Doc. 1).

19         **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave

20  to proceed *in forma pauperis* on appeal be **denied** either because denial of the motion is

21  justified by a plain procedural bar and jurists of reason would not find the ruling debatable,

22  or because Norris has not made a substantial showing of the denial of a constitutional right.

23         This recommendation is not an order that is immediately appealable to the Ninth

24  Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

25  Appellate Procedure, should not be filed until entry of the district court's judgment.  The

26  parties shall have fourteen days from the date of service of a copy of this recommendation

27  within which to file specific written objections with the Court.  *See*, 28 U.S.C. § 636(b)(1);

28

1  Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure.  Thereafter, the parties have seven

2  days within which to file a response to the objections.  Failure timely to file objections to the

3  Magistrate Judge's Report and Recommendation may result in the acceptance of the Report

4  and Recommendation by the district court without further review.  *See United States v.*

5  *Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any

6  factual determinations of the Magistrate Judge will be considered a waiver of a party's right

7  to appellate review of the findings of fact in an order or judgment entered pursuant to the

8  Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

9        DATED this 22nd day of November, 2013.

_____

David K. Duncan
United States Magistrate Judge