WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Webster W. Norris III,<br><br>              Petitioner,<br><br>v.<br><br>United States of America<br><br>              Respondent. | No. CV-12-00077-PHX-GMS<br><br>**ORDER** |

Pending before the Court are Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 9) and United States Magistrate Judge David K. Duncan's Report and Recommendation ("R&R) (Doc. 57). The R&R recommends that the Court deny the Motion. Norris filed timely objections to portions of the R&R (Doc. 58.) Because objections have been filed, the Court will review those portions of the petition *de novo. See United States v. Rayna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). For the following reasons, the Court accepts the R&R and denies Petitioner's Motion.

**BACKGROUND**

Norris was convicted in the United States District Court for the District of Arizona by a jury on November 5, 2009. (Doc. 9 at 1.) He was convicted of second degree murder and assault resulting in serious bodily injury. (*Id.*) He was sentenced to concurrent terms, the longest being 324 months. (*Id.* at 2.) Norris appealed to the Court of Appeals for the Ninth Circuit on the grounds that the District Court had erred in allowing evidence of his prior arrests and convictions for driving under the influence and on the grounds that the government's closing argument put his character at issue. (*Id.*) The Ninth Circuit

affirmed his conviction on March 23, 2011. (*Id.*) Norris did not file a petition for certiorari in the United States Supreme Court. (*Id.*)

On January 12, 2012, Norris filed a Motion to Vacate in this Court, pursuant to 28 U.S.C. § 2255. (Doc. 1.)  The Court denied the Motion for failure to use the court-approved form and for failure to allege a constitutional violation. (Doc. 6.) The Court gave Norris leave to amend. (*Id.*) On March 23, 2012, Norris filed his Amended Motion. (Doc. 9.) His Amended Motion alleges eleven grounds for relief. In Ground One, he asserts that the district court lacked jurisdiction to try him because the alleged acts occurred on the Gila River Indian Community. In Grounds Two through Five, he alleges that his trial counsel was ineffective. In Ground Six, he claims he was denied the right to an impartial jury. In Grounds Seven through Nine, he alleges prosecutorial misconduct. In Ground Ten, he alleges his arrest was unlawful and constituted an unreasonable search and seizure. In Ground Eleven, he claims his right to due process was violated when a Gila River police officer made false statements during the grand jury proceeding.

In their response, the government argues that eight of Norris's eleven claims are procedurally defaulted because he could have but did not raise them on direct appeal and that his three remaining claims are without merit. (Doc. 28.) Magistrate Judge Duncan issued an R&R on November 22, 2013, and recommended denial of the petition for the reasons stated by the government. (Doc. 57.) Norris filed timely objections regarding four of his claims on December 3, 2013 (Doc. 58), and the Court will now review those claims *de novo. See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate"); Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

## DISCUSSION

### I. Legal Standard

"Section 2255 may not be invoked to relitigate questions which were or should

have been raised on a direct appeal." *Hammond v. United States*, 408 F.2d 481, 483 (9th Cir. 1969). *See also United States v. Frady*, 456 U.S. 152, 165 (1982). If a defendant could have raised his Section 2255 claim on direct appeal but did not do so, the claim is procedurally defaulted. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' or that he is 'actually innocent.'" *United States v. Braswell*, 501 F.3d 1147, 1149 (9th Cir. 2007). To demonstrate cause, a defendant must show that "some objective factor external to the defense" impeded him from raising the claim below. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, a defendant must show that the alleged error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 170. A defendant is "actually innocent" for purposes of excusing procedural default if the alleged constitutional violation he wishes to raise "has probably resulted in the conviction of one who is actually innocent." *Carrier*, 477 U.S. at 496.

## II.  Application

Norris objects to the R&R on four grounds. These grounds are restatements of Claims One, Eight, Ten, and Eleven from his Amended Motion. (Doc. 9.) Magistrate Judge Duncan recommended that each of these four claims be denied because they could have been but were not raised below, and therefore are procedurally defaulted. Further, Norris failed to establish cause and prejudice to excuse the procedural default of any of these four claims. For the following reasons this Court agrees with and accepts Judge Duncan's determinations.

Because Norris could have but did not raise any of these four claims on direct appeal, he must establish cause and prejudice or actual innocence to excuse his procedural default. Petitioner does not seem to allege that he is actually innocent, and any such claim would fail in light of the overwhelming evidence against him. Thus, to excuse any procedural default, Norris must show cause and actual prejudice.  Norris explained

that he did not raise any of these claims earlier because he was "represented by counsel . . . only counsel can submit filings, the Appellant was stuck with the consequences of counsel's strategy. Ineffective assistance of counsel cannot be raised on direct appeal." (Doc. 9.)

In his first objection, Norris restates Claim One from his Motion. He argues that the district court lacked jurisdiction to try him for acts committed on the Gila River Community because the Community has the authority to enact its own ordinances. (Doc. 6 at 4.) However, Norris was charged under the Major Crimes Act, 18 U.S.C. § 1153, which confers federal court jurisdiction over Indians who commit certain crimes on Indian Country. These crimes include murder and assault resulting in serious bodily injury. *Id.* The district court therefore had jurisdiction to try Norris for his acts. Because this claim lacks merit, Norris's appellate counsel was not ineffective for failing to raise this claim on direct appeal, and thus Norris has not established cause to excuse his procedural default. *Wildman v. Johnson*, 261 F.3d 832, 840 (9th Cir. 2001) (noting that counsel's failure to raise a meritless argument does not constitute ineffective assistance of counsel).

In his second objection, Norris restates Claim Eleven from his Motion. He alleges that Gila River Police Officer Steve Gonos gave misleading and inaccurate testimony before the grand jury and that this left Norris a target for malicious prosecution. (Doc. 58 at 4.) He further alleges that Gonos used the accident report, which Norris argues is a confidential and inadmissible document, before the grand jury, in violation of the Gila River Community Traffic Code. (*Id.*) As stated above, the district court had jurisdiction over Norris in this case. It was therefore permissible under the Federal Rules of Criminal Procedure to allow the use of the accident report before the grand jury. Beyond the use of the accident report, Norris does not explain how any testimony given by Gonos before the grand jury was either misleading or inaccurate. He thus fails to demonstrate that this testimony actually prejudiced this case, and therefore cannot excuse his procedural default.

In his third objection, Norris restates Claim Ten from his Motion. He alleges that he was unlawfully arrested and confined in the Gila River Department of Corrections, not taken before the Community Court as required by Gila River Community law, and then released from custody. (Doc. 58 at 4–5.) Based on the witness statements and evidence found at the scene of the accident, the officers had probable cause to arrest Norris. Further, his unlawful detention claim is not cognizable under Section 2255. Because this claim lacks merit, Norris's appellate counsel was not ineffective for failing to raise this claim on direct appeal, and thus Norris has again not established cause to excuse his procedural default.

Finally, in his fourth objection, Norris restates Claim Eight from his Motion. Norris alleges that the prosecutor knowingly stated misleading and inaccurate information when she claimed in a pre-trial motion to admit evidence of other acts that Norris signed a written waiver of his *Miranda* rights. (Doc. 58 at 5.)  "When prosecutorial misconduct is called in question, the issue is whether, considered in the context of the entire trial, that conduct appears likely to have affected the jury's discharge of its duty to judge the evidence fairly." *United States v. Simtob*, 901 F.2d 799, 805 (9th Cir. 1990) (citing *United States v. Young*, 470 U.S.1, 11 (1985)). Here, a DVD was played at trial that showed that Norris orally waived his *Miranda* rights when speaking to Officer Gonos. (Doc. 28 at 23.) In a pre-trial motion, the prosecutor misstated that Norris had signed a written waiver during the conversation with Officer Gonos. This distinction between an oral and written waiver was not relevant to the motion to admit other act evidence in order to show malice. (*Id.*) Further, the misstatement was made in a pre-trial motion and was never heard by the jury. It therefore cannot be said that the misstatement did or even could have impacted the jury's discharge of its duty. Because this claim lacks merit, Norris's appellate counsel was not ineffective for failing to raise this claim on direct appeal, and thus Norris has again not established cause to excuse his procedural default.

## CONCLUSION

The Court finds that each of the four claims to which Norris raised objections are procedurally defaulted and that Norris failed to excuse this default. The Court has further reviewed the portions of Magistrate Judge Duncan's R&R to which there were no objections, and finds it to be well-taken. Therefore,

**IT IS ORDERED**:

1. Magistrate Judge Duncan's R&R (Doc. 57) is **ACCEPTED**.

2. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 9) is **DENIED**.

3. The Clerk of Court shall **TERMINATE** this action and enter judgment accordingly.

4. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Movant files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 10th day of March, 2014.

G. Murray Snow
United States District Judge